UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE COLLON WEST,

                Petitioner,

-vs-                                                                Case No. 2:08-cv-6-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on The Petitioner Willie Collon West's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct sentence by a Person in Federal Custody (Doc. #1) and the Petitioner's Memorandum in Support of Within Motion 28 U.S.C. § 2255 (Doc. #2) filed on January 8, 2008. The Respondent United States filed its Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. #8) and Affidavit of Attorney (Doc. #8-2) on March 10, 2008. The Petitioner filed the Petitioner's Response To Governments Opposition Concerning Motion 28 U.S.C. § 2255 (Doc. #9) on March 31, 2008. On December 10, 2008, the Honorable John E. Steele entered an Order (Doc. #11) referring this matter to the undersigned United States Magistrate Judge for a report and recommendation regarding the issue of failure to file a notice of appeal and to determine whether petitioner was eligible to proceed *in forma pauperis* and, if so, to appoint counsel. Attorney Mark J. O'Brien (Attorney O'Brien) was court-appointed to represent the Petitioner on January 5, 2009. A hearing was set before the undersigned on March 11, 2009.

At the hearing on March 11, 2009, the Petitioner was present and represented by Attorney O'Brien. The Petitioner was called to testify during the course of the hearing. The Government was represented by Assistant United States Attorney Yolande Viacava. The Government introduced one exhibit during the course of the hearing, the Death Certificate of Carl A. Johnston (Govt. Ex. #1) and asked the Court to take notice of the Affidavit filed by Attorney Johnston (Doc. #8-2), and documents filed in the underlying criminal case (2:05-cr-124-FtM-29SPC): the Plea Agreement (Doc. #59) filed on September 22, 2006, the transcript of the Plea hearing before the undersigned Magistrate Judge (Doc. #80) filed on February 25, 2008, and the transcript of the Sentencing hearing held before the Honorable John E. Steele (Doc. #81) filed on February 29, 2008.

## EVIDENCE AND TESTIMONY

**Willie Collon West** (Tr. 14-26):

The Defendant was sentenced on January 16, 2007. (Tr. 14:17-19). The Petitioner testified that prior to the sentencing his attorney told him that he did not have a right to appeal. (Tr. 14:21-25). He did not realize he had a right to appeal until Judge Steele told him at the time of sentencing that he had 10 days to appeal. (Tr. 15:1-8). He met with his attorney after the sentencing and told his attorney that he wanted to appeal. (Tr. 15:9-10). His attorney never filed an appeal. (Tr. 15:10). The Petitioner testified that he called Johnston collect but that he didn't always accept collect calls and that Johnston never returned his calls. (Tr.20:1-11). He testified that he found out Johnston was working out of his home. (Tr. 26:10-12).

The Petitioner testified to having dropped out of school in the eleventh grade. (Tr. 25:23-24). He testified that he was not trained in the law but relied on his attorney for advise on legal decision.(Tr. 26:1-5).

On cross examination, the Petitioner acknowledged that he had entered a plea pursuant to a plea agreement and that he had specifically reviewed the appeal waiver. (Tr.17:5-25). He further acknowledged that during the September 26, 2006, plea coloque, he said he understood his rights to appeal. (Tr. 18:1-12) He reiterated that his attorney told him that he could not appeal anything and that he did not know he could appeal until Judge Steele told him at which time he told his attorney that he wanted to appeal. (Tr. 18:9-25, 19:1-5). He recalls meeting with Attorney Johnston after the sentencing but that he did not tell him anything about specifically what he wanted to appeal, just that he did want to appeal. (Tr. 19:6-11). He also testified during cross examination that after the sentencing on January 16, 2007, that he called Attorney Johnston a couple of times within the 10 day window period to tell him to appeal. (Tr.20:1-8). According to the Petitioner, he had his girlfriend call Attorney Johnston as well. (20:10-11). He did not, however, send any letters when he was unable to reach Attorney Johnston. (20:12-18).

**Affidavit of Attorney (Doc. #8-2)**:

> The pertinent part of the sworn Affidavit of Attorney Carl A. Johnston reads as follows:

>> He has read and reviewed the Memorandum in Support of Within Motion 28 USC 2255 in the above style case and this Affidavit has been prepared in response thereto. This Affidavit is being prepared for use by the Court in any proceeding related to the post conviction relief sought by the Defendant West. The undersigned attorney will only respond to those factual allegations made of which he has personal knowledge or to which he can competently respond.

> It further states:

>> In response to Ground One, the undersigned attorney first response is that his standard procedure concerning plea agreements is that he will go over each sentence in the plea agreement from beginning to end, and to explain how the plea agreement would effect a defendant's constitutional rights with focusing being on his waiver of his right to appeal any sentence except on very strict limited grounds. Council met with Defendant West at the Lee County Jail and

> Hardee County Jail on approximately eight different occasions. Counsel had meetings with Defendant West at the U.S. Marshals office, located in the Fort Myers Federal Courthouse, before and after court appearances. Council also accepted approximately four telephone calls from Mr. West and approximately four telephone calls from Mr. West's girlfriend Angela Freeman concerning Mr. West's case. I went over Defendant West's constitutional rights, how the criminal justice system worked, and each section of the plea agreement which included the waiver of right to appeal but with certain exceptions I assume that the plea colloquy transcripts show that the Court also discussed this matter with him. After sentencing was completed by the Court, I left Judge Steele's courtroom and went to the interview room at the US marshals office located on the first-floor of the U.S. Courthouse in Fort Myers, Florida. It is council's standard operating procedure to always discuss with the client after sentencing any matters of concern related to sentencing, and answer any questions the Defendant might have about the consequences or result of the sentencing. In no time during the conversation with Mr. West did he request that an appeal be filed. His only concern was that he wanted to receive a reduction of sentence for substantial assistance. Council has never received a telephone call or a letter from the Defendant requesting an appeal be filed on his behalf. Additionally, council has not received a telephone call, nor a letter from anyone else contacting me on behalf of the Defendant requesting an appeal.

Attorney Johnston's Affidavit further addresses grounds two and three of the Petitioner's 18 U.S.C. § 2255 Motion.

## **DISCUSSION**

There are four grounds for attacking a sentence pursuant to 28 U.S.C. § 2255: first, if it was imposed in violation of the Constitution or laws of the United States; second, if it was imposed without jurisdiction; third, if it was imposed in excess of the maximum authorized by law; and finally, if it is otherwise subject to collateral attack. U.S. v. Walker, 198 F.3d 811, 813 n. 5 (11th Cir. 1999). Ineffective assistance of counsel is a cognizable claim under the terms of the statute.

The Defendant alleges four (4) grounds in his Motion: (1) Ineffective assistance of counsel for failure to file a direct appeal; (2) Ineffective assistance of counsel as to the filing of an appeal in contesting the applied guidelines; (3) Ineffective assistance of counsel as to the PO's misuse of prior

convictions adding extended jail time, no objections; and (4) Due process - Judicial Notice Rule 201(d) and (e). A new retroactive guidelines comes into affect 3/3/2008.

### *(1) Ineffective Assistance of Counsel for Failure to File a Direct Appeal*

The Petitioner alleges that he received ineffective assistance of counsel because Atty. Johnston failed to file an appeal of his sentence after the Petitioner requested the appeal be filed.

The Sixth Amendment of the Constitution guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A convicted Defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgement. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). Then, the Court must determine in light of all the circumstances, whether the attorney's performance was reasonable under the prevailing norms. Haliburton v. Secretary for Dept. of Corrections, 342 F.3d 1233, 1243 (11th Cir. 2003).

It is well settled that the Supreme Court's ruling in Strickland v. Washington, is the controlling legal standard for determining ineffective assistance of counsel claims. Haliburton, 342 F.3d at 1242. Strickland established a two pronged standard to determine whether or not counsel's assistance was ineffective. 466 U.S. at 687. First, the defendant must show that counsel's performance was so deficient that he was not performing as the "counsel" guaranteed by the Sixth Amendment. Id. Second, the defendant must show that counsels ineffective assistance prejudiced the defense to such a degree that the defendant was deprived of the right to a fair trial. Id. The defendant must satisfy both prongs to prove ineffective assistance of counsel. Id. Because the Court is reviewing the counsel's performance from hindsight, the Court must indulge a strong presumption

that the counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. The Petitioner bears the burden of overcoming the presumption that Atty. Johnston provided competent and effective assistance of counsel in his defense. U.S. v. Cronic, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

The Petitioner alleges that his Attorney, Carl A. Johnston, Jr., Esq. failed to file an appeal of his sentence after he told him to file the appeal. It is beyond objection that if a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

The Petitioner testified that prior to the sentencing his attorney told him that he did not have a right to appeal. (Tr. 14:21-25). The Petitioner stated that he did not realize he had a right to appeal until Judge Steele told him at the time of sentencing that he had ten (10) days to appeal. (Tr. 15:1-8). The Petitioner met with his attorney after the sentencing, and told his attorney that he wanted to appeal. (Tr. 15:9-10). His attorney never filed an appeal. (Tr. 15:10). The Petitioner testified that he called Johnston collect but that he didn't always accept collect calls and that Johnston never returned his calls. (Tr.20:1-11).

The Petitioner's testimony was undisputed at the hearing due to the death of the attorney who represented him during the underlying criminal case. Atty. Johnston passed away on October 21, 2008, and was therefore, unavailable to testify at the hearing. (Gov't. Ex. # 1). However, on March 5, 2008, Atty. Johnston filed an affidavit regarding his representation of the Petitioner. (Doc. # 8, Ex. A). Contrary to the Petitioner's testimony Atty. Johnston's Affidavit stated that after he left

Judge Steele's Courtroom he went to the U.S. Marshal's interview room and met with the Petitioner. Atty. Johnston's Affidavit reads in pertinent part:

> I left Judge Steele's courtroom and went to the interview room at the U.S. marshals office located on the first-floor of the U.S. Courthouse in Fort Myers, Florida. It is council's standard operating procedure to always discuss with the client after sentencing any matters of concern related to sentencing, and answer any questions the Defendant might have about the consequences or result of the sentencing. In no time during the conversation with Mr. West did he request that an appeal be filed. His only concern was that he wanted to receive a reduction of sentence for substantial assistance. Council has never received a telephone call or a letter from the Defendant requesting an appeal be filed on his behalf. Additionally, council has not received a telephone call, nor a letter from anyone else contacting me on behalf of the Defendant requesting an appeal.

(Doc. # 8-2).

The issue, then, is whether or not the Affidavit of an unavailable witness carries sufficient indicia of credibility to overcome the witness's absence. The Petitioner argues that since Atty. Johnston was not present to have his testimony subject to the crucible of cross examination, his Affidavit cannot be used to support the Government's position. Some Courts have found that in § 2255 cases that the affidavit of an experienced defense counsel who passed away prior to the hearing constitutes viable and credible evidence before the Court. *See* U.S. v. Gonzalez, 2006 WL 1876919 *10-11 (N.D. Fla. July 5, 2006) (finding that the affidavit of the deceased defense attorney was more credible than the defendant's assertions the attorney failed to file his appeal as requested). However, in Gonzalez, the Defendant/Petitioner did not testify at the hearing to dispute the deceased counsel's affidavit. Thus, the Court in Gonzalez, made its determination upon the record.

Here, the Petitioner took the stand and testified that he told Atty. Johnston to file an appeal of his sentence. While Atty. Johnston's Affidavit contradicts the Petitioner's testimony, Atty. Johnston's testimony was not subject to cross examination. Courts have generally found that in

situations where a witness is unavailable, the affidavit testimony should not be allowed unless the opposing party had the opportunity to cross examine the witness. *See* Crawford v. Washington, 541 U.S. 36, 52, 124 S. Ct. 1354, 158 L. Ed 2d 177 (2004) (holding that the Constitution's Confrontation Clause prohibits the admission of testimony at trial unless (1) the declarant is unavailable, and (2) the defendant has had a prior opportunity to cross examine the declarant).

While the Supreme Court has not clarified which statements are in fact "testimonial" it has provided some guidance on the term's meaning. It defined "testimony" as "typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " U.S. v. Baker, 432 F.3d 1189, 1203 -1204 (11th Cir. 2005) (quoting Crawford, 541 U.S. at 51), 124 S.Ct. 1354 (quoting 1 N. Webster, An American Dictionary of the English Language (1828)). Thus, "formal statement[s] to government officers" are generally testimonial. Crawford, 541 U.S. at 51. So is " *ex parte* in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." Id. Similarly, "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," fall within the "core class" of testimony. Baker, 432 F.3d at 1203 -1204 (citing Crawford, 541 U.S. at 51-52). Therefore, Atty. Johnston's Affidavit is the type testimony the Crawford Court determined needed to undergo the crucible of cross examination.

Although this is not a criminal trial, it does involve a cherished constitutional right– the right to effective assistance of counsel. Thus, the Court recommends that since Atty. Johnston was not

available for cross examination, the Petitioner's § 2255 Motion should be granted, and he should be allowed to file his appeal out of time.

*(2) Ineffective Assistance of Counsel for Failure to Contest the Applied Guidelines*

The Petitioner alleges that Atty. Johnston failed to provide effective assistance of counsel because he failed to challenge the sentencing guidelines as applied to his sentence.

The U.S. Sentencing Guidelines state in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a).

The Petitioner argues that Atty. Johnston was ineffective because he failed to object to the guidelines as applied by the Court to impose his sentence. The Petitioner argues the Court used the incorrect higher base level of 34 when the appropriate level should have been 28. The Petitioner states the Court gave a directed verdict of not guilty to the career criminal enhancement, the Probation Officer (P.O.) did not recalculate the guidelines, and finally the Court used the wrong base of level 34 when it should have used a base level of 28. Thus, the Petitioner contends his subsequent career offender status improperly lengthen his sentence under the guidelines. However, at the sentencing hearing, Atty. Johnston objected to the career offender enhancement being applied to the calculation of the sentencing guideline range.

The Petitioner's position is that his prior conviction in state court related to the distribution of cocaine did not violate the Controlled Substance Act because the charge was reduced to simple possession. Therefore, the conviction would not be applicable to the career offender status under the guidelines. Atty. Johnston's representation was not ineffective. Contrary to the Petitioner's position, Atty. Johnston raised his prior cocaine conviction during the sentencing hearing before Judge Steele.

Atty. Johnston argued the Petitioner's cocaine conviction was for a small amount– approximately forty dollars ($40.00) worth. Atty. Johnston said in pertinent part:

> Just the one other small issue here concerning the defendant's criminal history. The defendant's position is that it's overstated because of the conviction. The sale of crack cocaine was an exceptionally small amount. According to the police report, it was like $40. And so, therefore, we'd just bring that to the Court's attention. Even though it is a legal conviction *per se*, it is a felony *per se*, but it was a very small amount. So, therefore, that affects his criminal history, but we feel it's overstated because of that particular fact.

Case No. 2:05-cr-124-FtM-29SPC, Doc. 81, p. 10. The Court agreed with Atty. Johnston that the Petitioner's cocaine conviction was for a small amount, albeit it was still a felony conviction. As a result of Atty. Johnston's objections, Judge Steele reduced the Petitioner's criminal history from Category 6 to Category 5. Case. No. 2:05-cr-124-FtM-29SPC, Doc. # 81, pp. 13-14.

During the sentencing hearing, Atty. Johnston also objected to the crime of violence conviction which effected his sentence under the guidelines. The Petitioner states that throwing a piece of cinder block at a moving vehicle is not an act of violence in his opinion, however, the guidelines offer a different assessment. Under the Sentencing Guidelines a crime of violence "has an element the use, attempted use, or threatened use of physical force against the person of another.

. ." U.S. Sentencing Guidelines Manual § 4B1.2(a)(1). Clearly, hurling a piece of concrete cinder block at a vehicle, breaking the glass, and injuring the vehicle's passenger, qualifies as the use of physical force against another person.

Thus, record in the case demonstrates that Atty. Johnston did not provide ineffective assistance of counsel regarding the Petitioner's sentencing guidelines, but instead argued on behalf of his client and actually got the sentencing guidelines reduced from Category 6 to Category 5.

Furthermore, the Petitioner's attack on the guideline levels used by the Court to impose sentence are not subject to collateral attack under § 2255. Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (citations omitted); Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier,, provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...." 477 U.S. 478, 496, 106 S.Ct. 2678, 2649, 91 L.Ed.2d 397 (1986).

The Petitioners guidelines claims are, not recognized constitutional violations and not subject to § 2255 relief.

### *(3)Ineffective Assistance of Counsel as to the PO's Misuse of Prior Convictions*

The Petitioner argues that his jail sentence was extended because Atty. Johnston failed to file an appeal contesting his prior convictions. The Petitioner claims that the PO relied on two prior convictions to enhance his sentence. Contrary to the Petitioner's claim, Atty. Johnston objected and argued that the Petitioners past prior convictions were not as severe as presented by the P.O.'s report. As a result, it is clear that Atty. Johnston was not ineffective in representing the Petitioner.

As discussed above, Atty. Johnston argued that the cocaine conviction was for a nominal amount and not as serious as presented in the P.O.'s report. Notwithstanding the Petitioner's argument that the amount of cocaine was small, it was conceded at the hearing that the cocaine conviction was a felony and applicable to the guidelines enhancement. Case No. 2:05-cr-124-FtM-29SPC, Doc. 81, p. 10.

Atty. Johnston also argued on behalf of the Petitioner regarding the Petitioner's conviction for a crime of violence as follows:

> on Part B of the offense, Paragraph 27, on Page 5, talking about the enhancement for career criminal per se, and this concerned him. Throwing a rock into – it wasn't a rock. It was part of a concrete block which he dropped on the ground, which broke, and he threw it, hit a car window, and the passenger inside had a minor injury, per se. . . . And we just want to bring that to the Court's attention reference to that, because it is his position that he doesn't really feel that – it was not something that really met the crime of violence type of thing. Just because it was a motor vehicle per se. I tried to get a picture of this particular item, or the item itself. I called, left several messages with the police agency. Nobody got back with me.

Case No. 2:05-cr-124-FtM-29SPC, Doc. 81, p. 4.

The Petitioner explained further to the Court that:

> You know the cinder block, right? I just – I broke it on the ground, and I got a little – like a piece of it, it wasn't but about this big, and I threw it at the rear window. And I believe a piece of glass must have hit the passenger of the car. You know what I mean? But I didn't mean to hurt nobody, you know what I'm saying? When I did it, you know what I'm saying? But I feel it wasn't a crime of violence.

Case No. 2:05-cr-124-FtM-29SPC, Doc. 81, p. 5.

The Court, after listening to the arguments made by the Petitioner's attorney, stated the following:

> Well, I guess your definition of a crime of violence wouldn't necessarily correspond with mine. You pick up part of a cinderblock, and you throw it at a car that has a passenger, and, as a result, that passenger gets injured, either as – from a piece of glass from what you broke, or the cinderblock. I'll give you the benefit, saying it was glass, and not the block. What is it about that series of events that wouldn't be violent?

Case No. 2:05-cr-124-FtM-29SPC, Doc. 81, p. 5.

Ultimately, the Court determined that:

> The Court finds that, looking at the elements of the statute, this conviction does, indeed, qualify as a crime of violence; and, as I said, even if we look at the underlying facts as set forth by the defendant, and giving the defendant full credit for his version of how it happened, and what happened, the Court would nonetheless find that this conviction does qualify as a crime of violence within the meaning of the career offender provision. So that Objection will be overruled.

Case No. 2:05-cr-124-FtM-29SPC, Doc. # 81, p.10. As noted above, the guidelines are clear that "attempted use, or threatened use of physical force against the person of another" is an act of violence. U.S. Sentencing Guidelines Manual § 4B1.2(a)(1). Clearly, hurling a piece of concrete

cinder block at a vehicle breaking the glass and injuring the vehicle's passenger qualifies as the use of physical force against another person and is therefore, an act of violence.

Thus, there was no misuse of the Petitioner's prior criminal acts in the PO's report to the court and therefore, no violation under the sentencing guidelines.

### *(2) Due Process - Judicial Notice Rule 201(d) and (e)*

The Petitioner argues that his sentence should be reduced because the Section 2D1.1 of the United States Sentencing Guidelines in effect at the time of his sentencing has been amended. The Petitioner argues that the amended guideline should be applied to his case and his offense reduced from level 28 to level 26 under the guidelines. The Petitioner's argument lacks merit.

Section 2D1.1 of the United States Sentencing Guidelines was amended with Amendment 706 on November 1, 2007, and became effective on March 3, 2008. Amendment 706 reduced the offense levels for crack cocaine offenses from twenty-eight (28) to twenty-six (26) months. U.S. Sentencing Guidelines Manual § 1B1.10(c). The Amendment allowed the sentence to be applied retroactively and thus, the Petitioner now argues his sentence should be reduced by two (2) levels.

However, where the application of the pertinent amendment does not result in a different sentencing range, then no reduction in sentence may occur. U.S. v Armstrong, 347 F.3d 905, 908 (11th Cir. 2003). In this instance, the Petitioner's career offender status placed him at a base level of 34 pursuant to Section 4B1.1 of the sentencing guidelines rather than the suggested base level of 28 under Section 2D1.1. As such, Amendment 706 does not apply to the Petitioner's case.

*Conclusion*

Although the Petitioner's appeal appears to be meritless, there was no testimony given during the hearing to refute the Petitioner's claim that Atty. Johnston failed to file his appeal as requested. Given the Motion involves a guaranteed constitutional right, and that Atty. Johnston was not available to be cross examined regarding the testimony given in his Affidavit, the Court respectfully recommends the § 2255 Motion should be granted and the Petitioner allowed to file an appeal out of time.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Petitioner Willie Collon West's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct sentence by a Person in Federal Custody (Doc. #1) should be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___1st___ day of April, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record